

SRD/MJM 2018R00467

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2019 AUG 22

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **UNDER SEAL** |
| v. | * | CRIMINAL NO. GLR-19-0567 |
| **DAVID JAMES GREEN, and** | * | (Conspiracy to Commit Mail Fraud, |
| **MCARNOLD CHARLEMAGNE** | * | 18 U.S.C. § 1349; Mail Fraud, 18 |
| | * | U.S.C. § 1341; Forfeiture, 18 U.S.C. § |
| **Defendants.** | * | 981(a)(1)(C), 28 U.S.C. § 2461(c)) |

******

## INDICTMENT

### COUNT ONE
(Conspiracy to Commit Mail Fraud)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Indictment:

1. Defendant **MCARNOLD CHARLEMAGNE** ("**CHARLEMAGNE**") was a resident of Miramar, Florida.

2. Defendant **DAVID JAMES GREEN** ("**GREEN**") was a resident of Miami Gardens, Florida.

### The Conspiracy and Scheme to Defraud

3. From in or about January 2018 through in or about August 2019, in the District of Maryland and elsewhere, the defendants,

**DAVID JAMES GREEN, and**
**MCARNOLD CHARLEMAGNE**

did knowingly and willfully conspire, confederate, and agree with others known and unknown to commit mail fraud, that is to knowingly and willfully devise and intend to devise a scheme and

artifice to defraud and to obtain money and property from victims, by means of materially false and fraudulent pretenses, representations, and promises, that is, to persuade elderly victims to send thousands of dollars in cash to members of the conspiracy under false pretenses that:

a. the money would be used to help the victims' relatives pay legal or other expenses in connection with crimes and other incidents that had not occurred, and

b. the money would be sent to particular individuals at their addresses, rather than to members of the conspiracy falsely claiming to reside at those addressees

(the "scheme to defraud"), and for the purpose of executing and attempting to execute such scheme to defraud, to knowingly deposit and cause to be deposited to be sent and delivered by the Postal Service and private interstate carrier, and caused to be delivered by mail and private and commercial interstate carrier, any matter and thing, according to the direction thereon, in violation of 18 U.S.C. § 1341.

**Manner and Means**

4. It was part of the conspiracy and scheme to defraud that **CHARLEMAGNE** and **GREEN's** co-conspirators telephoned elderly victims throughout the United States and, while posing as a police officer, lawyer, or other individual, falsely told the victim that a relative, typically the victim's grandchild, had been incarcerated in connection with a car accident or traffic stop involving a crime, and needed money for bail and legal fees, often tens of thousands of dollars.

5. It was further part of the conspiracy and scheme to defraud that the co-conspirators also posed as the victims' relatives themselves in order to further induce the victims to send the cash.

6. It was further part of the conspiracy and scheme to defraud that the co-conspirators described the situation as extremely serious, sometimes indicating that drugs had been found in the vehicle, or that the occupant of another car was injured.

7. It was further part of the conspiracy and scheme to defraud that, in order to conceal the crime, the co-conspirators told the victims false information, like that there had been a "gag order" placed on the case requiring secrecy, or that the situation was embarrassing for the grandchild, and that the victim should not share the information with others.

8. It was further part of the conspiracy and scheme to defraud that, during the telephone calls, the co-conspirators directed the victims to send cash to a particular address via overnight delivery service, such as United States Postal Service Priority Mail, Fed Ex, and United Parcel Service.

9. It was further part of the conspiracy and scheme to defraud that, if the victims sent cash as directed by the co-conspirators, the co-conspirators would call the victims again and ask for more cash, claiming that additional funds were necessary for various purposes, such as their grandchild's legal expenses, bail costs, fines, or to pay damages. The co-conspirators would continue to call the victims and demand additional funds, regularly obtaining tens of thousands of dollars from the retirement savings of victims.

10. It was further part of the conspiracy and scheme to defraud that, in order to conceal the crime, **CHARLEMAGNE**, **GREEN**, and other co-conspirators identified residential locations across the country where the cash should be sent, including but not limited to addresses in Maryland, Delaware, Pennsylvania, and Florida. **CHARLEMAGNE**, **GREEN**, and others identified locations that would either be vacant or for sale, so no one would be at those locations at the time of the deliveries.

11. It was further part of the conspiracy and scheme to defraud that **CHARLEMAGNE**, **GREEN**, and other co-conspirators retrieved the packages of cash and distributed the fraud proceeds to other people involved in the scheme.

12. It was further part of the conspiracy and scheme to defraud that **CHARLEMAGNE**, **GREEN**, and other co-conspirators recruited and instructed additional people to assist in retrieving the packages of cash when they were delivered to the specified locations.

13. As a result of the execution of the scheme to defraud, **CHARLEMAGNE**, **GREEN**, and others caused at least 65 different victims to send at least $1.5 million.

18 U.S.C. § 1349

## COUNTS TWO THROUGH FOUR
## (Mail Fraud)

1. Paragraphs 1, 2 and 4 through 13 of Count One of this Indictment are hereby incorporated by reference as though fully set forth herein.

2. On or about the dates listed below, in the District of Maryland and elsewhere, the defendant,

**MCARNOLD CHARLEMAGNE,**

for the purpose of executing and attempting to execute the scheme to defraud, did knowingly deposit and cause to be deposited to be sent and delivered by the Postal Service and private interstate carrier, and caused to be delivered by mail and private and commercial interstate carrier, any matter and thing, according to the direction thereon, as set forth below:

| COUNT | DATE | FROM | TO | DESCRIPTION |
| --- | --- | --- | --- | --- |
| 2 | 5/31/2018 | Victim #1 in Toledo, Ohio | Baltimore, MD | A Fed Ex shipment containing $20,000 in cash. |
| 3 | 5/31/2018 | Victim #2 in Salem, Oregon | Baltimore, MD | A Fed Ex shipment containing $20,000 in cash. |
| 4 | 6/6/2018 | Victim #3 in Framingham, Massachusetts | Baltimore, MD | A Fed Ex shipment containing $7,900 in cash. |

18 U.S.C. § 1341

## COUNTS FIVE THROUGH SEVEN
(Mail Fraud)

3. Paragraphs 1, 2, and 4 through 13 of Count One of this Indictment are hereby incorporated by reference as though fully set forth herein.

4. On or about the dates listed below, in the District of Maryland and elsewhere, the defendant,

**DAVID JAMES GREEN,**

for the purpose of executing and attempting to execute the scheme to defraud, did knowingly deposit and cause to be deposited to be sent and delivered by the Postal Service and private interstate carrier, and caused to be delivered by mail and private and commercial interstate carrier, any matter and thing, according to the direction thereon, according to the direction thereon, as set forth below:

| COUNT | DATE | FROM | TO | DESCRIPTION |
|---|---|---|---|---|
| 5 | 1/7/2019 | Victim #4 in Bainbridge Island, Washington | Baltimore, MD | A UPS shipment containing $13,000 in cash. |
| 6 | 1/14/2019 | Victim #5 in Westland, Michigan | Baltimore, MD | A Fed Ex Shipment containing $8,000 in cash. |
| 7 | 1/17/2019 | Victim #6 in Fort Pierce, Florida | Baltimore, MD | A UPS Shipment containing $8,000 in cash. |

18 U.S.C. § 1341

# FORFEITURE

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendants' conviction under Counts One through Seven of the Indictment.

## Mail Fraud Forfeiture

2. As a result of the offenses set forth in Counts One through Seven, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendants

**DAVID GREEN and MACARNOLD CHARLEMAGNE,**

shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to the scheme to defraud, including, but not limited to: a money judgment for each defendant representing the proceeds he obtained from his participation in the scheme to defraud.

## Substitute Assets

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence

   b. has been transferred, sold to, or deposited with a third party

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

7

the United States, pursuant to 21 U.S.C. § 853(p), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*(signature)*
Robert K. Hur
United States Attorney

A TRUE BILL:

/SIGNATURE REDACTED
Foreperson
Date: 12/3/19

8